acted business with the defendant corporation as such and permitted it to overdraw its account as a corporation, cannot now be permitted to deny its corporate existence, and hold the officers and directors liable unless permitted to do so by express statute.

Defendants attempted to create a railroad corporation, and having complied with the provisions of the statute relating thereto by executing and filing the necessary corporate papers with the Secretary of State, establishing its home office in Sangamon county, the organization thereby became a corporation *de facto*, and even if the contention of plaintiffs is correct, that it was a condition precedent to create a *de jure* corporation, that the articles of incorporation must be filed in all of the counties through which it was intended to operate the road, the railroad company nevertheless became a *de facto* corporation, and its right to exist as a *de jure* corporation can only be inquired into by the State by writ of quo warranto.

The trial court properly sustained the demurrer and the judgment is affirmed.

*Affirmed.*

C. C. Digby et al., Plaintiffs in Error, v. Venora L. Butler, Defendant in Error.

(Not to be reported in full.)

Error to the Circuit Court of Coles county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 27, 1913.

### Statement of the Case.

Action by C. C. Digby and others against Venora L. Butler to recover a commission alleged to be due the plaintiffs for services rendered in finding a purchaser

in the sale of a stock of merchandise owned by defendant. From a judgment entered for defendant upon a directed verdict, plaintiffs bring error.

ALBERT C. ANDERSON, for plaintiffs in error.

GREEN & PALMER, for defendant in error; ORIS BARTH and E. C. CRAIG, of counsel.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

## Abstract of the Decision.

BROKERS, § 88*—*when evidence insufficient to show that brokers produced a person able to make a trade.* In an action to recover a commission for services rendered by plaintiffs in finding the defendant a person who was able and willing to make an exchange of real estate for a stock of merchandise, action of court in directing a verdict for defendant at the close of plaintiffs' evidence *held* not error, it appearing that the person produced did not have sufficient means or real estate and that after negotiations were abandoned such person induced another party to join with him in trading real estate for the stock of goods, the plaintiffs having no knowledge that such a deal was consummated until some considerable time thereafter.

---

## E. L. Cannon, Sole Trader, Appellant, v. Turner-Hudnut Company, Inc., Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed December 27, 1913.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.